## Parsley, et al. v. Horn.

(Decided October 27, 1925.)

### Appeal from Martin Circuit Court.

1. **Appeal and Error—Previous Opinion of Court of Appeals Held Law of Case as to Questions Substantially the Same as were Raised in First Trial.**—Previous opinion of Court of Appeals held

law of case as to questions substantially the same as were raised in first trial.

2. Trial—Refusal to Give Requested Instruction, Covered by Instruction Given, Held Not Reversible Error.—Refusal to give requested instruction, matters in which were covered by instruction given, held not reversible error.

3. Trial—Remarks of Plaintiff's Counsel Held Improper, but Not Prejudicial.—In action by mine employee to recover for injuries sustained, remarks of plaintiff's counsel that the jury should teach rich men not to employ "our boys and place them in dangerous places to work, where they would be mangled up and their limbs broken as in this case," held improper, but not ground for reversal, where as soon as objection was interposed trial court promptly sustained it, and admonished jury not to consider statement for any purpose.

4. Damages—$900 for Personal Injuries Held Not Excessive.—$900.00 for injuries sustained by employee in mine held not excessive, where his injuries consisted of a broken leg, the bruising and mashing of other parts of his body, and confined him to bed for many weeks, and compelled him to use crutches for a year after the injury.

W. R. McCOY for appellants.

J. B. CLARK for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—Affirming.

This action has previously been before this court on appeal. The former opinion may be found in 196 Ky. at page 556. By the former opinion it was held that, while the judgment should be reversed for errors occurring upon the trial, yet the evidence for appellee made a case against the appellants upon the theory that while employed by them he was assigned to temporary work more dangerous than his regular employment; that he was inexperienced and unskilled in the work to which he was temporarily assigned; and that appellants failed to caution and instruct him as to the dangers he would encounter in the new employment. Upon a second trial appellee recovered judgment for $900.00, and complaining thereof appellants again appeal.

It is insisted for them, first, that the trial court erred in overruling their motion for a directed verdict at the close of the testimony. We find, however, that the testimony upon the second trial of the question above is substantially the same as was that upon the first trial. There was the same conflict between the testimony for appel-

lants and that for appellee as the former opinion indicates existed upon the first trial. Appellee's evidence upon the question was discussed at length in the previous opinion and need not be repeated here. The previous opinion is the law of the case and it refutes the contention made for appellants that the trial court should have peremptorily instructed the jury to find for them at the close of the testimony.

Appellants' argument that appellee assumed the risk incident to his employment and that for that reason they were entitled to a directed verdict was also answered adversely to them by the previous opinion.

Appellants complain that the court erred in giving the instructions given herein and in refusing to give instruction X, offered by them. Counsel for appellants has seen fit to go no further than to state that instructions 1, 2, 3, 4 and 5 are erroneous, even adding that he will not attempt to set out in detail the various reasons for the statement. In fact, he does not point out any reason for the statement. Our consideration of them convinces us that they conform to the previous opinion rendered herein. Appellants' chief complaint is that the court erred in refusing instruction X, offered by them. That instruction was predicated upon the evidence of appellant, Albert Parsley, that after appellee and his coworker had shot down the coal on the day of the accident and before the slate fell that injured him, he (Parsley) saw the dangerous condition of the slate and warned appellee of the danger and directed him to leave the mine and cease working. That testimony was denied by appellee, but on the issue of fact thus made between the parties appellants were entitled to an instruction. We find, however, that instruction No. 2 sufficiently submitted that question to the jury. By it the jury was clearly directed to find for the defendants if they believed that plaintiff was told of the dangerous condition.

Argument of counsel for appellee in this language: "That the jury should learn rich men not to employ our boys and place them in dangerous places to work where they would be mangled up and their limbs broken as in this case," was objected to. The argument was improper and should not have been resorted to by attorney for appellee. The record discloses, however, that when the objection was interposed the trial court promptly sustained it and admonished the jury not to consider the statement

for any purpose. Under those circumstances it can not be said that the objectionable statement influenced the jury in the verdict reached or that appellant was prejudiced thereby.

Appellants urge that the verdict of the jury is excessive and for that reason the judgment should be set aside. Appellee's chief injury consisted of a broken leg, but in addition to that other parts of his body were mashed and bruised. He was injured by the fall of a very large piece of slate from the roof of an open bank coal mine in which he was working. As a result of his injuries he was confined to his bed for many weeks and was compelled to use crutches when walking for approximately a year after his injury. As a result of his injuries the leg that was broken is now four inches shorter than the other.

Under these circumstances the argument that the verdict for appellee is too large cannot be sustained. Larger verdicts for injuries less severe and substantial have been upheld by this court.

For the foregoing reasons the judgment herein is affirmed.